**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Dean Myslivecek, Paul Caputo,
Christopher Chow, Michael
Busovicki, and Kevin Schaffner,                  Case No. 21-10346

                                    Plaintiffs,   Judith E. Levy
                                                  United States District Judge

v.
                                                  Mag. Judge Elizabeth A.
FCA US LLC,                                       Stafford

                                    Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S**
**MOTION TO DISMISS [14]**

Plaintiffs Dean Myslivecek, Paul Caputo, Christopher Chow,

Michael Busovicki, and Kevin Schaffner bring this proposed nationwide

class action lawsuit against Defendant FCA US LLC. Defendant

manufactures and distributes Jeep branded vehicles. (ECF No. 11.)

Plaintiffs assert claims related to the presence of a clutch defect in their

vehicles, as well as the adequacy of the recall that Defendant provided.

Before the Court is Defendant's motion to dismiss Plaintiffs'

amended complaint for lack of subject matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1) and for failure to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14, PageID.247.) On May 3, 2021, Plaintiffs filed an amended complaint (ECF No. 11.) On June 3, 2021, Defendant filed a motion to dismiss the amended complaint. (ECF No. 14.) Plaintiffs filed a response to the motion to dismiss (ECF No. 15), and Defendant filed a reply brief. (ECF No. 16.) On November 18, 2021, the Court held a hearing by video conference and heard oral argument.

In its motion, Defendant makes a factual attack on subject matter jurisdiction by providing evidence that its recall adequately fixes the clutch defect. (*See id.* at PageID.270–274.) For the reasons set forth below, the Court finds that Busovicki lacks standing to bring his claims and grants Defendant's motion to dismiss, without prejudice, as to Busovicki. The Court also considers Defendant's factual attack on subject matter jurisdiction and finds that there is insufficient evidence to support that it has subject matter jurisdiction over the claims brought by Myslivecek, Chow, Schaffner, and Caputo. These Plaintiffs are granted an opportunity to present evidence demonstrating that they have

2

standing and that their claims are not mooted by the recall. Failure to do so will result in dismissal.

## I.    Background

Plaintiffs bring this proposed class action on behalf of themselves and others who purchased or leased a "Class Vehicle," defined in the amended complaint as manual-transmission "2018-2021 Jeep Wrangler[s] (2 door)," "2018-2021 Jeep Wrangler[s] Unlimited (4 door)," and "2020-2021 Jeep Gladiator[s]." (ECF No. 11, PageID.157.) The amended complaint states that each of these vehicles "is equipped with same [sic] 3.6L V6 engine that produces an advertised 285 horsepower and 260 lb-ft of torque." (*Id.*) Plaintiffs allege that the vehicles have a "clutch defect" that causes the "friction plate . . . to slip on the flywheel, creating high temperatures" and "dangerous conditions, including fires." (*Id.* at PageID.158.) Plaintiffs also allege that one of Defendant's recalls addressing the clutch defect—a software update that prevents the clutch from failing—is inadequate because it "effectively neuter[s]" the class vehicles by "depriv[ing] Class Members of the benefit of their bargains – a class Vehicle equipped with a 6-speed manual transmission and a 3.6L

3

V6 engine that produces 285 horsepower and 260 lb-ft of torque." (*Id.* at PageID.159, 174–176.)

Plaintiffs' amended complaint contains the following ten counts:

| Count | Claim | Plaintiffs |
|:---:|:---:|:---:|
| 1 | Breach of express warranty | All individual plaintiffs and the putative national class |
| 2 | Breach of implied warranty | All individual plaintiffs and the putative national class |
| 3 | Unjust enrichment | All individual plaintiffs and the putative national class |
| 4 | Deceptive Acts and Practices under N.Y. Gen. Bus. Law § 349 | Myslivecek, Schaffner, and the putative New York subclass |
| 5 | False Advertising under N.Y. Gen. Bus. Law § 350 | Myslivecek, Schaffner, and the putative New York subclass |
| 6 | Violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750 | Chow and the putative California subclass |
| 7 | Violation of the California Unfair Competition Law, Bus. & Prof. Code § 17200 | Chow and the putative California subclass |
| 8 | Breach of implied warranty under the Song-Beverly Act, Cal. Civ. Code § 1790 | Chow and the putative California subclass |
| 9 | Violation of the New Jersey Consumer Fraud Act | Caputo and the putative New Jersey subclass |
| 10 | Violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903 | Busovicki and the putative Michigan subclass |

4

Defendant now seeks dismissal of the amended complaint under Rule 12(b)(1) on the basis that Plaintiffs lack Article III standing to bring their claims and that the recall moots Plaintiffs' claims. In support of its motion, Defendant provides a declaration by Dave Valley, which states that the recalls were provided free of charge and explains how the recalls fix the clutch defect. (ECF No. 14-2.) Because "[s]tanding is . . . a threshold requirement for federal jurisdiction," *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016), and because the Court is required to dismiss moot claims, *see Sullivan v. Benningfield*, 920 F.3d 401, 410 (6th Cir. 2019), the Court focuses its analysis on Defendant's Rule 12(b)(1) arguments. For the reasons set forth below, Defendant's motion is granted in part.

## II.   Legal Standard

### A. Rule 12(b)(1)

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

A facial attack "questions [] the sufficiency of the pleading." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). "When reviewing a facial attack, a district court takes the allegations in the complaint as true." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Gentek*, 491 F.3d at 330).

"If those allegations establish federal claims, jurisdiction exists." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009). But "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rote*, 816 F.3d at 387 (quoting *O'Bryan*, 556 F.3d at 376). "This approach is identical to the approach used by the district court when reviewing a motion invoking Federal Rule of Civil Procedure 12(b)(6)." *Glob. Tech., Inc.*, 807 F.3d at 810.

A factual attack, by contrast, "raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017) (citing *Gentek*, 491 F.3d at 330). In a factual attack on subject matter jurisdiction, "no presumptive truthfulness applies to the factual allegations," *Gentek*, 491 F.3d at 330, and "the court is free to weigh the evidence and satisfy itself

6

as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

"In considering a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, a district court may consider factual matters outside the pleadings and resolve factual disputes." *Anestis v. United States*, 749 F.3d 520, 524 (6th Cir. 2014); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (stating that the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts").

When a court's subject-matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Glob. Tech., Inc.*, 807 F.3d at 810 ("[T]he party invoking federal jurisdiction has the burden to prove that jurisdiction.").

## B. Standing

"Under Article III of the Federal Constitution, [federal courts] can only decide 'Cases' or 'Controversies.'" *Thompson v. DeWine*, 7 F.4th 521, 523 (6th Cir. 2021) (alteration added) (quoting U.S. Const. art. III, § 2). "Courts have explained the 'case or controversy' requirement through a series of 'justiciability doctrines,' including, 'perhaps the most important,'

7

that a litigant must have 'standing' to invoke the jurisdiction of the federal courts." *Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 710 (6th Cir. 2015) (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir. 1997)).

"Standing 'goes to [a c]ourt's subject matter jurisdiction.'" *Marks v. Schafer & Weiner, PLLC*, No. 20-11059, 2022 WL 866836, at *5 (E.D. Mich. Mar. 23, 2022) (alteration in original) (quoting *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007)). "If a plaintiff cannot establish constitutional standing, his or her claim must be dismissed for lack of subject matter jurisdiction." *Id.* (citing *Loren*, 505 F.3d at 607).

The Sixth Circuit states that

[t]o establish standing, [the plaintiff] must meet three requirements: (1) "injury in fact—a harm that is both [(a)] concrete [and particularized,] and [(b)] actual or imminent, not conjectural or hypothetical," (2) causation—a "fairly traceable connection between the alleged injury in fact and the alleged conduct of the defendant," and (3) "redressability—a substantial likelihood that the requested relief will remedy the alleged injury in fact."

*Babcock v. Michigan*, 812 F.3d 531, 539 (6th Cir. 2016) (alterations added). "Each requirement is 'an indispensable part of the plaintiff's case'

8

and 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof.'" *Midwest Media Prop., L.L.C. v. Symmes Twp.*, 503 F.3d 456, 461 (6th Cir. 2007) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

Regarding the first standing requirement of an injury in fact, "[a] concrete injury is . . . 'real and not abstract,'" *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861 (6th Cir. 2020), and "must actually exist," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). To qualify as particularized, an injury "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1.

"The threat of future harm can satisfy th[e injury-in-fact] requirement as long as there is a 'substantial risk' that the harm will occur," but "'[a]llegations of *possible* future injury' are not sufficient." *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 927 F.3d 396, 405 (6th Cir. 2019) (second alteration in original) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 414 n.5 (2013)). "The Supreme Court has noted that 'a highly attenuated chain of possibilities [ ] does not satisfy the requirement that threatened injury must be certainly impending.'" *Id.* at 405–06 (alteration in original) (quoting *Clapper*, 568 U.S. at 410).

## C. Mootness

If events occur that "deprive the court of the ability to give meaningful relief" on a particular claim, then it is moot, and must be dismissed. *See Sullivan*, 920 F.3d at 410. "[A] case may become moot at any stage of the litigation." *Graveline v. Benson*, 992 F.3d 524, 533 (6th Cir. 2021).

The "test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Sullivan*, 920 F.3d at 410. "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit" the claim for relief is moot if the dispute "'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

## III. Analysis

### A. Busovicki: No Allegation of Issues Before or After Recall

As set forth above, Busovicki asserts the following claims: breach of express warranty (Count 1), breach of implied warranty (Count 2), unjust enrichment (Count 3), and violation of the Michigan Consumer Protection Act (Count 10). (ECF No. 11, PageID.213, 216, 218, 234.)

In Count 1, Busovicki claims that he is injured because the clutch defect makes his vehicle unreliable during normal operation, and unable to achieve "285 horsepower and 260 lb-ft of torque."[1] (ECF No. 11, PageID.214.) In Count 2, Busovicki claims that he is injured because he was deprived of the "benefit of their bargain: a Class Vehicle with 6-speed manual transmission capable of handling the 285 horsepower and 260 lb-ft of torque produced by the Class Vehicles' engines that does not fail during normal operation." (*Id.* at PageID.217.) In Count 3, Busovicki alleges that he overpaid for his vehicle given Defendant's "omissions and concealment of the Clutch Defect." (*Id.* at PageID.219.) In Count 10, Busovicki alleges overpayment and deprivation of the benefit of his bargain because of Defendant's concealment of and failure to fix the clutch defect. (*Id.* at PageID.237.)

Busovicki fails to demonstrate that he has standing with respect to his claims. First, it is unclear whether Busovicki's vehicle—a 2021 Jeep Wrangler Rubicon—falls under Plaintiffs' definition of "Class Vehicle," which the amended complaint defines to consist of manual-transmission

---

[1] Although this discussion focuses on Busovicki's claims, Counts 1, 2, and 3 are also brought by the other named Plaintiffs.

"2018-2021 Jeep Wrangler[s] (2 door)," "2018-2021 Jeep Wrangler[s] Unlimited (4 door)," and "2020-2021 Jeep Gladiator[s]." (ECF No. 11, PageID.157, 161.) Second, the amended complaint does not allege that Busovicki's vehicle ever experienced the clutch defect either before or after it received the recall. (*See id.* at PageID.161.) Either of these bases are sufficient to find that Busovicki lacks standing.

As set forth above, in order to allege an injury in fact, an injury "must actually exist." *Spokeo, Inc.*, 578 U.S. at 340. A plaintiff "cannot rely on general or conclusory allegations in support of its standing, but instead must assert a plausible claim for why it has standing to pursue its . . . claim." *Glennborough Homeowners Ass'n v. U.S. Postal Serv.*, 21 F.4th 410, 414 (6th Cir. 2021).

The injuries alleged in Counts 1–3 and 10 do not apply to Busovicki because Plaintiffs fail to allege that Busovicki's vehicle is susceptible to the clutch defect at all. As noted, Plaintiffs do not specify that Busovicki's vehicle—a 2021 Jeep Wrangler Rubicon—falls within Plaintiffs' definition of class vehicle. (ECF No. 11, PageID.157, 161.) But even if his vehicle does qualify as a class vehicle, Busovicki does not allege that he

experienced any problems with his vehicle, either before or after the recall. (*Id.* at PageID.161.)

The amended complaint states only that Defendant did not disclose the clutch defect; that Busovicki would have not purchased or would have paid less for his vehicle had Defendant disclosed the clutch defect; and that "[t]o date, Plaintiff Busovicki has only driven his Class Vehicle 1,400[] miles in limited circumstances—he has not yet towed, used 4-wheel-drive, or gone offroading." (*Id.*)

Thus, the injuries alleged in Counts 1–3 and 10 do not "actually exist" for Busovicki. Because there is no injury in fact alleged for Busovicki in the amended complaint, Busovicki lacks standing for all of his claims. Accordingly, Counts 1–3 and 10 are dismissed as to Busovicki.

### B. Myslivecek, Schaffner, Chow, Caputo: Insufficient Allegations Regarding Standing

Defendant argues that the claims brought by Myslivecek, Schaffner, Chow, and Caputo should be dismissed because they lack standing and the recall moots their claims. (ECF No. 14, PageID.268–274.) To support those arguments, Defendant points to the declaration of Dave Valley, a senior specialist in Product Analysis at FCA US LLC.

(ECF No. 14-2.) This declaration, which is attached to Defendant's motion as Exhibit A, states that the relevant recall

> involves a software update that: 1) causes the gear currently selected (first, second, third, etc.) to be shown on the dashboard display; 2) causes a single chime to sound and a warning to display if clutch misuse (and resulting friction) has resulted in the calculated temperature of the pressure plate reaching 350 degrees (based on various sensor inputs regarding the vehicle's engine coolant temperature, engine speed, wheel speed, clutch pedal position, etc.); and 3) if the calculated temperature of the pressure plate reaches 450 degrees, the engine's torque begins to be limited in an incremental manner. Full engine torque is restored immediately once the clutch pedal is fully released, and the incremental reduction in torque does not affect normal vehicle operation.

(*Id.* at PageID.289.) In other words, the software update does not impact normal vehicle operation. Defendant argues that Valley's declaration shows that the software update

> results in no reduction in engine torque or horsepower unless a driver's protracted misuse of the clutch causes temperatures in the transmission to rise to 450 degrees – far in excess of what would occur in normal vehicle operation. *See* Valley Decl., ¶ 8. Even then, the incremental reduction would only last a moment, until a driver releases the clutch pedal. *Id.*

14

(ECF No. 14, PageID.270.) In other words, the only time that a reduction in torque or horsepower would occur, however incremental, is if the *driver* misuses the clutch. In light of Valley's declaration, Defendant argues that

> [e]ven if [Plaintiffs'] allegations were not entirely speculative (and they are), [Defendant] has now submitted ***evidence*** proving that NHTSA Recall 21V-028 does not affect the normal operation of any vehicle, and that NHTSA Recall 20V-124 addressed a design issue which does ***not*** exist in model-year 2021 vehicles. *See id.* at ¶¶ 6, 8. Thus, in resolving this factual attack on jurisdiction, "no presumptive truthfulness applies to [Plaintiffs'] allegations." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Plaintiffs "must submit relevant evidence" establishing their standing "or face dismissal." *Rutkofske v. Norman*, 114 F.3d 118 (Table), 1997 WL 299382, **3-4 (6th Cir. 1997). They cannot do so here.

(*Id.* at PageID.271.) In summary, Valley's declaration provides evidence that the recall fixes the clutch defect, normal vehicle operation is unaffected, and the update does not "neuter" the class vehicle's engines.

Plaintiffs argue that the Court should not consider Defendant's factual challenge to subject matter jurisdiction under *Gentek Building Products, Inc. v. Sherwin-Williams Co.* (*See* ECF No. 15, PageID.367 (citing *Gentek*, 491 F.3d at 330).) "[A] district court engages in a factual inquiry regarding the complaint's allegations only when the facts

necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330. If "an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should 'find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Id.* Instead, Plaintiffs argue that the Court must assume that it has jurisdiction because the issue of standing is intertwined with the merits of their case. (ECF No. 15, PageID.367.) Defendants counter that the "'intertwinement' rule applies only where the same federal statute creates both the cause of action and federal jurisdiction," which is not applicable in this case. (ECF No. 16, PageID.397 (citing *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 444 (6th Cir. 2006)).)

The Court agrees with Defendant that the intertwinement rule does not apply in this case. The Sixth Circuit has determined that "[t]he question of subject matter jurisdiction and the merits will normally be considered intertwined where the [same] statute provides both the basis of federal court subject matter jurisdiction and the cause of action." *Moore*, 458 F.3d at 444. For example, *Gentek* involved a dispute about whether the defendant's coating product was considered a "consumer

product" under the Magnuson-Moss Warranty Act. *Gentek*, 491 F.3d at 331. The Magnuson-Moss Warranty Act provided the court with both subject matter jurisdiction and the cause of action. And "[t]o establish [a] Magnuson-Moss claim, a plaintiff must show that the item at issue was a 'consumer product.'" *Id.* Because the factual dispute went to an element of the federal statute providing the court with jurisdiction, the Sixth Circuit found that the "disputed fact" was "intertwined with the merits of [the plaintiff's] claim." *Id.*

In contrast, here, Defendant's factual attack on standing does not implicate the merits of Plaintiffs' claims. Unlike in *Gentek*, the factual dispute does not go to an element of a federal statute providing the court with jurisdiction. Plaintiffs' claims are all state law claims, and the Class Action Fairness Act ("CAFA") is the basis for the Court's jurisdiction in this case. Thus, the intertwinement rule does not apply in this case.

A court within the Sixth Circuit reached a similar conclusion in another case. *De Angelis v. National Entertainment Group, LLC*, No. 2:17-CV-924, 2018 WL 11316612, at *4–5 (S.D. Ohio July 25, 2018). The court in *De Angelis* distinguished challenges to the merits of the case from challenges to standing. *Id.* at *5. It held that the question of whether the

plaintiff worked for the defendant was not intertwined with the merits of Plaintiff's Fair Labor Standards Act ("FLSA") claim because determining standing did not require interpreting an element of the FLSA. *Id.* Like this case, the intertwinement rule did not apply, so the court could "proceed to the standing analysis." *Id.* Similarly here, determining standing does not require interpreting an element of Plaintiffs' claims. And, accordingly, the intertwinement rule does not apply.

Plaintiffs cite to one out-of-circuit case to support their interpretation of intertwinement. (ECF No. 15, PageID.367–368 (citing *In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1131 (S.D. Fla. 2019)).) *Takata*, however, is distinguishable.

*Takata* involved a factual attack on standing that implicated the plaintiffs' theory of fraud. *See id.* Unlike this Court, the court in *Takata* was not bound by Sixth Circuit precedent. In addition, *Takata* appears to be an outlier even in its own circuit—the Eleventh Circuit cases that *Takata* relies on are consistent with the Sixth Circuit's interpretation of intertwinement. For example, *Takata* cites to *Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003), which found intertwinement in a "motion to dismiss an FMLA action on grounds that the plaintiff was not an

18

'eligible employee' under the Act." *Id.* at 921, 929–30. *Takata* also cites to *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256 (11th Cir. 1997), which found that there was intertwinement in a challenge to whether the defendant was an "employer" under the Age Discrimination in Employment Act. *Id.* at 1263–66. Both *Morrison* and *Garcia* involve subject matter jurisdiction challenges that implicate an element of a federal statute. Again, the subject matter jurisdiction analysis here does not implicate an element of a federal statute. Accordingly, Plaintiffs' argument that the intertwinement rule applies based on *Takata* is unconvincing.

Because the intertwinement rule does not apply, the Court can consider Defendant's factual attack. Here, the Valley declaration states that the recall does not impact normal vehicle operation. (*See* ECF No. 14-2, PageID.289.) As a result, Myslivecek, Schaffner, Chow, and Caputo have not provided enough evidence to establish standing for their claims or to support that their claims are not rendered moot by the recall. In light of the Court's decision to consider Defendant's factual attack on subject matter jurisdiction, the Court gives Myslivecek, Schaffner, Chow,

19

and Caputo another opportunity to provide the Court with evidence to counter the assertions in Valley's declaration.[2]

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS IN PART Defendant's motion to dismiss. Defendant's motion is granted without prejudice as to Busovicki for lack of standing. Accordingly, Count 10 is dismissed, as well as Counts 1–3 with respect to Busovicki. Remaining in the case are Counts 4–9, as well as Counts 1–3 with respect to Myslivecek, Chow, Schaffner, and Caputo. The Court gives Myslivecek, Chow, Schaffner, and Caputo until February 6, 2023 to provide the Court with evidence to demonstrate that the Court has subject matter jurisdiction over this case. Defendant will have until March 6, 2023 to respond to the evidence that the remaining plaintiffs present. The Court will address class certification at a later stage.

IT IS SO ORDERED.

Dated: December 23, 2022             s/Judith E. Levy
       Ann Arbor, Michigan          JUDITH E. LEVY
                                    United States District Judge

---

[2] As noted above, Busovicki lacks standing with respect to all of his claims even without considering the evidence in Defendant's declaration. Thus, he would still lack standing even if he provided additional evidence to counter the evidence in Defendant's declaration.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 23, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
